UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AL-RASHID MUHAMMAD ABDULLAH,

    Plaintiff,

v.                                                    Case No: 8:16-cv-1182-T-27JSS

CITY OF PLANT CITY POLICE
DEPARTMENT and STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY
AND MOTOR VEHICLES,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant State of Florida Department of Highway Safety and Motor Vehicle's Motion to Dismiss and Strike (Dkt. 13) and Motion to Dismiss Plaintiff's Complaint by Defendant "City of Plant City Police Department" (Dkt. 14), to which Plaintiff responded (Dkts. 15, 16). Upon consideration, the Motions (Dkts. 13, 14) are GRANTED.

Al-Rashid Muhammad Abdullah, date of birth May 6, 1975 (Dkt. 16 Ex. D), on behalf of his family and/or son alleges that because an action against him for driving while license suspended was dismissed, *see State of Florida vs. Abdullah, Rashid Muhammad*, Case No: 14-CT-074541 (Fla. 13th Cir. Ct. June 10, 2014), the Defendants are violating the rights of his son Rashid Muhammad Abdullah, date of birth June 5, 1997, by issuing his son traffic citations.[1] Stated differently, he

---

[1] Plaintiff alleges that "the parties in this present case are identical to the parties or their privies," that his son was "kidnapped," that the claims are causing severe emotional distress to him and his family, and that the conduct is a disregard to the rights of him and his family. (Dkt. 1). His opposition to the Defendants' Motions further demonstrates this action stems from the "judgment order" referenced *supra* and repeatedly refers to himself as "we." (Dkts. 15-16). The defendant in Case No: 14-CT-074541 is Abdullah, Rashid Muhammad, date of birth 05/06/1975, while the defendant in Case Nos: 15-CT-015126, 15-TR-077179, 15-TR-077180, and 15-TR-138682 is Abudllah, Rashid Muhammad, date of birth 06/05/1997. *See* Hillsborough County Courts Records Search (last visited Sept. 21, 2016), *available at* http://pubrec10.hillsclerk.com/Unsecured/Search.aspx?ID=900 (individual case numbers searched); *see also Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (district court may take judicial notice of the online criminal docket

1

purports to bring this action *pro se* on behalf of his son and/or his family.

"The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015); *see also* 28 U.S.C. § 1654; *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir.1997) ("parents who are not attorneys may not bring a *pro se* action on their child's behalf"). Unless Al-Rashid Muhammad Abdullah, is an attorney licensed to practice law in this state, he may not represent his son or other members of his family. *See* 28 U.S.C. § 1654; M.D. Fla. Local Rule 2.01; *FuQua*, 615 F. App'x at 612; *Devine*, 121 F.3d at 581.

Notwithstanding Mr. Abdullah's attempt to bring an action on behalf of his son and/or other members of his family, the Complaint, even construed liberally, fails to allege sufficient facts to show his son's rights were violated, fails to allege that a duty was breached that caused his son harm, and fails to allege claims showing his son is entitled to relief.[2] *See* Fed. R. Civ. P. 8(a)(2) (a pleading

---

for the plaintiff).

[2] He alleges "[n]egligence of all public servants listed as the Defendants." Negligence is a state law cause of action and he fails to plead sufficient facts to establish a claim of negligence as to each Defendant. *See Trinidad & Tobago Unit Trust Corp. v. CB Richard Ellis, Inc.*, 280 F.R.D. 676, 678 (S.D. Fla. 2012) (negligence requires four elements: a duty recognized by law, a breach of that duty, a causal connection between defendant's conduct and injury, and damages).

He alleges "[b]reaches of the Public Trust for neglect . . . ." and "conflicts of interest by the PUBLIC SERVANTS of the PLANT CITY POLICE DEPARTMENT." (Dkt 1 ¶¶ 8-9) (emphasis added). Construing these claims as negligence, this allegations are insufficient to allege a negligence claim. *See CB Richard Ellis*, 280 F.R.D. at 678.

He alleges "[v]iolations of the *Federal and State Constitutions*" and cites Article 1, Section 12 of the Florida Constitution. (Dkt. 1 ¶ 10) (emphasis in original). To the extent he is bringing a 42 U.S.C. § 1983 cause of action for a Fourth Amendment violation, he fails to allege sufficient facts that there was either a false arrest, malicious prosecution, or excessive force. *See e.g. Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("[a]n arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim"); *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (the elements a federal malicious prosecution claim are the elements of the common law tort of malicious prosecution "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding" and a Fourth Amendment violation of the right to be free from unreasonable seizures"); *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (Fourth Amendment encompasses right to be free from excessive force during the course of an arrest). Without deciding whether or not the order in Case No: 14-CT-074541 is a bona fide termination of that proceeding, the order in Mr. Abdullah's case cannot be the basis for a malicious prosecution claim for a case against his son. *See Kingsland*, 382 F.3d at 1234.

To the extent Plaintiff is bringing a state law claim for false arrest or malicious prosecution he fails to

2

must contain "a short and plain statement of the claim showing that the *pleader* is entitled to relief") (emphasis added); *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.), cert. denied, 135 S. Ct. 759, 190 L. Ed. 2d 628 (2014)(While a *pro se* complaint is construed liberally, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.")

Accordingly, based on the foregoing, the Motions (Dkts. 13, 14) are **GRANTED**. Plaintiff's Complaint is **DISMISSED**. Leave to amend is not granted, unless Mr. Abdullah demonstrates that he is a licensed attorney.[3] Failing to comply with this directive will result in any future filings being stricken *sua sponte*, without further notice. The clerk is directed to close this case.

**DONE AND ORDERED** this 28th day of September, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
*Pro Se* Plaintiff, Counsel of Record

---

sufficiently allege a claim for false arrest under Florida law. *See Sheffield v. City of Sarasota*, No. 8:15-CV-319-T-30TBM, 2015 WL 1346421, at *3 (M.D. Fla. Mar. 24, 2015) ("The essential elements of a cause of action for false arrest include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority"; and (4) which is unreasonable and unwarranted under the circumstances.") (citations omitted).

Plaintiff alleges violations of the double jeopardy clause of the Florida Constitution. (Dkt. 1 ¶ 11). A double jeopardy violation is raised in a criminal case, not in a civil case. *See Moody v. State*, 931 So. 2d 177, 180 (Fla. 2d DCA 2006) ("As is well known, the double jeopardy protections prohibit retrying a defendant after a jury has acquitted him of the charge."); *see also United States v. Bogacki*, 925 F. Supp. 2d 1288, 1291 (M.D. Fla. 2012) (Fifth Amendment protects against "(1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.").

Plaintiff alleges violations of First Amendment and Ninth Amendment of the United States Constitution and Article I, Section I of the Florida Constitution for "treat[ing] complainants as adversaries." (Dkt. 1 ¶ 12). The Court construes this allegation as a claim for malicious prosecution. As discussed *supra*, the allegations are insufficient to state this claim.

[3] Assuming that Mr. Abdullah brought this action on behalf of himself (and not his son), he is proceeding *in forma pauperis*. When a plaintiff is proceeding *in forma pauperis*, the court may dismiss a case if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(b). A complaint that lacks an arguable basis in either law of fact is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). Because Mr. Abdullah's claims are based on citations issued to his adult son, claims by Mr. Abdullah for violations of his own rights would likely be dismissed as frivolous.