UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AL-RASHID MUHAMMAD ABDULLAH,

    Plaintiff,

v.                               Case No: 8:16-cv-1182-T-27JSS

CITY OF PLANT CITY POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court *sua sponte*.[1] Plaintiff initiated this lawsuit on behalf of his family and/or his son for alleged violations of his son's rights. His first complaint was dismissed for failing to state a claim. (Dkt. 17). Because Plaintiff sought to bring claims on behalf of his son and/or other members of his family, leave to amend was not granted, unless Plaintiff demonstrated he was a licensed attorney. (Dkt. 17).

Plaintiff's First Amended Complaint (Dkt. 22) was stricken as a shotgun pleading (Dkt. 24). His Second Amended Complaint was also stricken for attempting to represent the interests of others and failing to comply with the pleading standards. (Dkt. 26). Plaintiff was granted leave to file a third amended complaint, his fourth attempt, and cautioned that failing to cure the deficiencies will result in the third amended complaint being dismissed with prejudice.[2]

---

[1] Plaintiff is proceeding *in forma pauperis* and his Third Amended Complaint is subject to *sua sponte* review under 28 U.S.C. § 1915(e)(2). *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 991 (11th Cir.), *cert. denied*, 136 S. Ct. 548, 193 L. Ed. 2d 438 (2015), *reh'g denied*, 136 S. Ct. 1251, 194 L. Ed. 2d 249 (2016).

[2] Plaintiff was also advised of the procedural rules with which he must comply (Dkt. 10), directed to the Middle District of Florida's website to the section titled "Proceeding Without a Lawyer" for additional assistance (Dkt. 10), and advised of the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association, a free service for *pro se* litigants (Dkt. 24).

1

Plaintiff's Third Amended Complaint fails to cure the deficiencies present in his first three attempts. He fails to allege specific factual allegations and acts by each defendant supporting each cause of action. As an example, Plaintiff conclusively alleges that on certain dates Plant City police officers performed a "per se 'unreasonable seizure of [his] property'" while in his son's "actual possession." (Dkt. 27 ¶ 21). He fails to allege the facts that support his conclusion. He alleges that "All above listed Defendants outrageously performed up to five per se unreasonable seizures" (Dkt. 27 ¶ 56), but fails to allege any facts that State of Florida Department of Highway Safety and Motor Vehicle employees, Clayton Walden and Terry Rhodes, performed "per se unreasonable seizures."

Plaintiff continues to attempt to represent the interests of others. As an example, in Count Three he alleges that "[t]he several accusations of criminal activity by the PCPD Officers, shows the intent to convert the exercise of a Rights into a crime." (Dkt. 27 ¶ 58). However, it was his son who was "in actual possession of [Plaintiff's] 'NOT for-hire' property during these wrongful seizures[.]" (Dkt. 27 ¶ 21). And "several citations" were issued. The "nine subsequent ACQUITTALS on the same accusations" after the "judgment Order" are in Hillsborough County cases in which his son is a defendant.[3] (Dkt. 27 ¶¶ 25, 40) Based on his allegations, therefore, he complains of the accusations

---

[3] *Compare State of Florida v. Abdullah*, Case No. 14-CT-074541 (Fla. 13th Cir. Ct. June 10, 2014) (Plaintiff's charge for driving while license suspended dismissed by "judgment Order"), *with State of Florida v. Abdullah*, Case No. 16-CT-009406 (Fla. Hillsborough County Ct., Traffic Division May 17, 2016) (son's charge for operating a motor vehicle with an expired registration dismissed), *State of Florida v. Abdullah*, Case No. 16-TR-51515 (Fla. Hillsborough County Ct., Traffic Division May 17, 2016) (son's charge for improperly displayed or absent vehicle tag dismissed), *State of Florida v. Abdullah*, Case No. 16-CT-9773 (Fla. Hillsborough County Ct., Traffic Division May 17, 2016) (son's charge for operating motor vehicle with expired registration dismissed), *State of Florida v. Abdullah*, Case No. 16-CT-9774 (Fla. Hillsborough County Ct., Traffic Division May 17, 2016) (son's charge for attaching tag not assigned to vehicle dismissed), *State of Florida v. Abdullah*, Case No. 16-TR-031005 (Fla. Hillsborough County Ct., Traffic Division May 10, 2016) (son's charge for operating a vehicle without insurance dismissed), *State of Florida v. Abdullah*, Case No. 15-TR-138682 (Fla. Hillsborough County Ct., Traffic Division, Feb. 1, 2016) (son's charge for operating a motor vehicle with an expired registration dismissed), *State of Florida v. Abdullah*, Case No. 15-CT-015126 (Fla. Hillsborough County Ct., Traffic Division Aug. 4, 2015) (son's charge for driving without a vehicle registration dismissed), *State of Florida v. Abdullah*, Case No. 15-TR-077179 (Fla. Hillsborough County Ct., Traffic Division Aug. 4, 2015) (son's charge for operating a motor vehicle with an expired registration dismissed), *and State of Florida v. Abdullah*, Case No. 15-TR-077180 (Fla. Hillsborough County Ct., Traffic Division Aug. 4, 2015) (son's charge for failure to provide proof of insurance dismissed).

of his son's alleged criminal activity, not his own.[4]

Finally, Plaintiff's complaint is an impermissible shotgun pleading. He incorporates paragraphs 1-55 into every count and merges distinct claims into one count rendering it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."[5] *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996).

While his complaint is construed liberally, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.), *cert. denied*, 135 S. Ct. 759, 190 L. Ed. 2d 628 (2014). Plaintiff's Third Amended Complaint fails to cure his previous deficiencies, is not a short and plain statement of his claim, and fails to comply with this Court's specific, detailed instructions on how to remedy the deficiencies. Accordingly, Plaintiff's Third Amended Complaint is **DISMISSED with prejudice**. *See* 28 U.S.C. § 1915(e)(2); *Nurse*, 618 F. App'x at 991. The file shall remain closed. Any pending motions are **DENIED as moot**. Plaintiff's requests for a hearing (Dkts. 33, 34, 37) are **DENIED**.

**DONE AND ORDERED** this 31st day of July, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
*Pro Se* Plaintiff, Counsel of Record

---

[4] Notwithstanding, the Court cannot glean any facts that suggest that Plaintiff was accused of any criminal activity after the charge for driving while his license was suspended was dismissed resulting in the "judgment ORDER."

[5] Count Three is against the PCPD Officers for defamation per se/replevin, Count Four is against all Defendants for due process violations/ breach of fiduciary duty, Count Five is against the PCPD Officers for intentional infliction of emotional distress/conversion, and Count Six is against all Defendants for negligent infliction of emotional distress/ official misconduct.

3